IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | :: |
| | :: CRIMINAL ACTION NOS. |
| v. | :: 1:95-CR-137-MHS-LTW |
| | :: 1:95-CR-430-MHS-LTW |
| JASON BYRON BERRY, | :: |
| Defendant. | :: |

## ORDER AND REPORT AND RECOMMENDATION

Defendant is confined at the federal prison in Adelanto, California pursuant to the sentence imposed in this case in January 1996. In December 2012, Defendant, pro se, filed a motion to amend the Court's restitution order, (Doc. 48), and a motion for prompt disposition of that motion, (Doc. 49).[1] The Government opposes the motion to amend the restitution order. (Doc. 51.) For the reasons discussed below, the undersigned recommends that the motion be denied.

Defendant pled guilty in this case to unlawful possession of firearms. (Doc. 36.) The court sentenced Defendant to forty years in prison, to run consecutively to the five-year prison sentence imposed in 1:95-cr-430-MHS-LTW; four years of

---

[1] The cited docket numbers are in 1:95-cr-137-MHS-LTW. Defendant's motions also were docketed in 1:95-cr-430-MHS-LTW, his other criminal case. (Docs. 13, 14 in 1:95-cr-430-MHS-LTW). The undersigned cites to 1:95-cr-137-MHS-LTW in this document, but the order and recommendation applies to both cases.

AO 72A
(Rev.8/82)

supervised release; a $200 special assessment; and $7,109.60 in restitution. (Doc. 41.) Defendant did not file an appeal or challenge the judgment under 28 U.S.C. § 2255.

According to Defendant, he has paid all but $4,236.70 of the restitution via the Bureau of Prisons' ("BOP") Inmate Financial Responsibility Program ("IFRP"). (Doc. 48.) It appears that the BOP has deducted the restitution payments from funds deposited in Defendant's inmate financial account by his family, but that Defendant's family will no longer send him some of those funds. (*See id.*; Doc. 49 at 2.) Without such funds, Defendant suggests that he cannot make payments via the IFRP and, thus, faces sanctions such as commissary spending limits and denial of transfers to other prison facilities. (Doc. 48.)

Defendant asks the Court, pursuant to 18 U.S.C. § 3664(k), to amend its restitution order so that he will not have to make further restitution payments until he is released from prison. (*Id.*) Defendant challenges the IFRP, contending that it "is an illegal and unconstitutional exercise of Article III Judicial power, by an Non-Article III Judicial Officer [the BOP]." (*Id.*) Defendant relies on cases from the U.S. Court of Appeals for the Ninth Circuit, particularly *Ward v. Chavez*, 678 F.3d 1042 (9th Cir. 2012), to support his claim. (*Id.*)

The provision of the Mandatory Victims Restitution Act ("MVRA") under which Defendant's seeks relief provides that "the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." 18 U.S.C. § 3664(k). Upon receipt of such notification, "the Court may . . . adjust the payment schedule, or require immediate payment in full, as the interests of justice require." *Id.*; *see Cani v. United States*, 331 F.3d 1210, 1215 (11th Cir. 2003) ("The MVRA enables the district court to modify a restitution order to reflect . . . a *bona fide* change in the defendant's financial condition, either positive or negative.").

Defendant has not shown, or even alleged, that he has notified the U.S. Attorney General of a material change in his economic circumstances affecting his ability to pay restitution. (*See* Docs. 48, 49.) That failure justifies denial of his motion to amend the restitution order under § 3664(k). *See* 18 U.S.C. § 3664(k). In addition, Defendant has not shown a material change in his economic circumstances since he was sentenced that affects his ability to pay restitution via the IFRP.

The IFRP applies only while Defendant is imprisoned and requires payments only when he has funds in his inmate account. (*See* Doc. 48-1.) When the Court sentenced Defendant and entered the restitution order, the Court did not take into

3

AO 72A
(Rev.8/82)

account – and arguably could not have taken into account – future payments Defendant might receive from family members while imprisoned and changes in those payments. Defendant is in no different position today with regard to restitution payments via the IFRP than he was when the BOP took custody of him in 1996. Defendant has not shown a bona fide change in circumstances such that he cannot continue to pay restitution via the IFRP as funds become available to him. *See United States v. Rogers*, No. 2:02-cr-18-FTM-29DNF, 2007 WL 2209233, at *3 (M.D. Fla. July 30, 2007) (holding that defendant's mother's inability to provide financial support while defendant was imprisoned did not constitute a material change in circumstances under § 3664(k)).

Defendant's challenge to the IFRP itself does not warrant relief under § 3664(k) or otherwise. The U.S. Court of Appeals for the Eleventh Circuit has rejected claims challenging the IFRP and the BOP's use of the IFRP to collect restitution from federal prisoners. *See Austin v. United States*, 368 F. App'x 53, 54 (11th Cir. 2010) (holding that defendant who challenged restitution order for the first time in a habeas action did not show exceptional circumstances for his failure to bring challenge earlier); *West v. Zenk*, 276 F. App'x 929, 930 & n.3 (11th Cir. 2008) ("To the extent [defendant] raised a challenge to the validity of the IFRP, we conclude that it is meritless."); *Williams v.*

4

*Pearson*, 197 F. App'x 872, 876 (11th Cir. 2006) ("[T]o the extent [defendant] is arguing that the IFRP violates his due process rights, we conclude the argument is meritless."). The IFRP does not violate a federal prisoner's constitutional rights, even though it conditions the receipt of certain benefits on participation in the program. *See West*, 276 F. App'x at 930 n.3 ("We conclude that the IFRP is reasonably related to legitimate penological interests and, thus, valid."); *Williams*, 197 F. App'x at 874, 877 (agreeing with other circuit courts that the IFRP is constitutional). Defendant's reliance on *Ward*, a case from the Ninth Circuit, does him no good because this Court is bound by Eleventh, not Ninth, Circuit precedent.[2]

For the foregoing reasons, **IT IS RECOMMENDED** that Defendant's motion to amend restitution order [48 in 1:95-cr-137-MHS-LTW & 13 in 1:95-cr-430-MHS-

---

[2] *Ward* does not help Defendant for two other reasons: (1) the federal habeas statute, and not § 3664(k), was the sole basis for granting relief in *Ward*; and (2) *Ward* involved a restitution order imposed under the MVRA, unlike this case. *See Ward*, 678 F.3d at 1043-44, 1050. The MVRA became law on April 24, 1996; its provisions that were at issue in *Ward* do not apply to defendants who committed their crimes prior to that date. *United States v. Siegel*, 153 F.3d 1256, 1260 (11th Cir. 1998); *see Ward*, 678 F.3d at 1043-44, 1046 (issue was whether sentencing court complied with the MVRA's provision regarding restitution orders). Defendant's criminal conduct and his sentencing occurred before the MVRA took effect.

5

LTW] be **DENIED**. Defendant's motion for prompt disposition [49 in 1:95-cr-137-MHS-LTW & 14 in 1:95-cr-430-MHS-LTW] is **DENIED AS MOOT**.

**SO ORDERED & RECOMMENDED** this 25 day of April, 2013.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

6

AO 72A
(Rev.8/82)