UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,     :

    Plaintiff,                              :

                                                      CRIMINAL ACTION NO.

v.                                               :

                                                      1:95-CR-00137-MHS

JASON BYRON BERRY,           :      1:95-CR-00430-MHS

    Defendant.                          :

## ORDER

On December 6, 2012, defendant proceeding *pro se* filed a motion to amend restitution requesting that the Court amend its restitution Order so that he will not have to make further restitution payments until he is released from prison. Defendant explains that the Bureau of Prisons ("BOP") has been deducting his restitution payments from funds deposited in his inmate financial account via the Inmate Financial Responsibility Program ("IFRP"). The funds in his inmate account are provided by defendant's family, but his family will no longer be sending him these funds. Therefore, without such funds, he cannot make payments via the IFRP and will face sanctions as a result. He asks that he be allowed to pay his remaining restitution balance after his release from prison.

AO 72A
(Rev.8/82)

This case was referred to Magistrate Judge Walker, who issued a Report and Recommendation ("R&R") recommending that the Court deny defendant's motion. There were no objections to the R&R.

Subsequently, on May 10, 2013, a representative of the BOP filed a letter with the Court stating that it would no longer be collecting restitution payments from defendant through the IFRP in light of Ninth Circuit precedent. See Ward v. Chavez, 678 F.3d 1042 (9th Cir. 2012).[1]

Thereafter the government filed a motion to dismiss defendant's motion for mootness. The government requests that the Court adopt the R&R and deny defendant's motion on the grounds of mootness. Defendant has not responded to the government's motion to dismiss, and therefore, it is deemed unopposed.

After a de novo review of the record, the Court concludes that the R&R is correct. The Court also agrees with the government that defendant's

---

[1] Defendant is incarcerated in California, which falls within the Ninth Circuit's jurisdiction.

2

motion is now moot because the BOP will no longer be taking restitution payments out of his inmate account, and therefore, he will likely be paying restitution upon his release from prison, which is the relief he originally sought.

Accordingly, in case number 1:95-cr-137-MHS-LTW, the Court ADOPTS the Magistrate Judge's R&R [#52]; GRANTS defendant's motion to dismiss for mootness [#55]; DENIES AS MOOT defendant's motion to amend restitution order [#48]; DENIES AS MOOT defendant's motion for prompt resolution [#49]; and DISMISSES this case. In case number 1:95-cr-430-MHS-LTW, the Court ADOPTS the Magistrate Judge's R&R [#17]; GRANTS defendant's motion to dismiss for mootness [#19]; DENIES AS MOOT defendant's motion to amend restitution order [#13]; DENIES AS MOOT defendant's motion for prompt resolution [#14]; and DISMISSES this case.

IT IS SO ORDERED, this 30th day of July, 2013.

Marvin H. Shoob, Senior Judge
United States District Court
Northern District of Georgia